Mr. Chief Justice Cartter
delivered the opinion of the court.
On the trial of this case an offer was made to show that these parties were directors of the company named in the. paper sued on, and that the company being indebted, the directors, at a meeting held by them, at which the plaintiff' and defendant McMurtrie were both present, resolved to issue two promissory notes of $2,000 each, the notes to be endorsed by the directors and negotiated, and that- the note in suit was a renewal of one of the notes made by virtue of this authority, and further, that at the time of the endorsement Middleton told the defendant that if he would endorse the note he would not be held personally liable on it, that his (McMurtrie’s) signature was wanted simply because he was one of the *428 board of directors and vice-president of the company, and that he, McMurtrie, endorsed the note in consideration of the plaintiff’s promise, and because he was a director and officer of the company.
The question arises, what kind of a paper, as between the parties to it, did these directors get up ? Did they make an ordinary piece of commercial paper that left liability to follow in the order of signatures? Or was it the simultaneous and concurrent act of all the parties. It seems to us that this resolution was a part of the written obligation which issued out of it, and that this was a paper concerted in the interest of all the parties. They were all involved in the indebtedness of the company, and they were all desirous of getting rid of that indebtedness, and they were all together when they passed the resolution creating this paper. Now we are asked to change the relative position of the parties to that transaction, and to make one of them the beneficiary of the whole of it, and the remainder of them, or one of them, the bearer of the onus of the obligation which they all united in. Can we do it ? Ought we to do it ? The plaintiff, Middleton, in common with the other parties to this suit, are obligated to protect the paper and see that it is paid. ITis act in taking up the common obligation was nothing more than an advancement by him in behalf of his co-obligors, and entitles him to a contribution for the money that he thus advanced, and no more.
There is some difficulty about the pleadings which can be easily remedied on another trial. A recovery could be had, however, under the common counts. This paper is declared on as if it were an ordinary promissory note. The pleas, too, are misconceived — this is not a case of accommodation endorsement. The case is remanded for a new trial, with leave to the parties to amend as they may feel advised.